UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STANLEY GREEN,<br>Plaintiff<br><br>v.<br><br>PARTS DISTRIBUTION XPRESS, INC.,<br>DEALER TIRE, LLC and CONTRACTOR<br>MANAGEMENT SERVICES,<br>Defendants | ) | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Stanley Green ("Plaintiff" or "Green"), through undersigned counsel, respectfully submits this Complaint against his joint employers Parts Distribution Xpress, Inc. ("PDX") and Dealer Tire, LLC ("Dealer Tire") (together "Defendants") for (1) unlawful harassment, discrimination, and retaliation based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq. ("Title VII") and M.G.L. c. 151B, §4; (2) unlawfully misclassifying him, and other similarly situated employees, as an independent contractor rather than as an employee in violation of M.G.L. c. 149, §148B, resulting in their failure to pay Plaintiff Green overtime wages, social security and other benefits to which he was entitled under Massachusetts and/or federal laws; and (3) committing unfair and deceptive business practices in violation of M.G.L. c. 93A.

This complaint is also submitted against Contractor Management Services ("CMS") for its contributory liability by knowingly and intentionally contributing to the defendants' unlawful conduct.

Pursuant to M.G.L. c. 149, §150 and Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and the class of drivers for PDX and Dealer Tire similarly situated. The class of drivers includes all individuals who deliver or have delivered tires for PDX and Dealer Tire within Massachusetts whom defendants unlawfully required to sign agreements as independent contractors. The described class meets all of the requirements of Federal R. Civ. P. 23, in that (1) the class is so numerous that joinder of all individuals is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interest of the class.

## PARTIES

1. Plaintiff Green resides at 3 Rosemary Drive, Randolph, Massachusetts 02368. Defendants PDX and Dealer Tire employed Plaintiff Green at various times beginning in 2005 and ending on or around October 21, 2009. Plaintiff Green is an African-American and lifelong resident of Massachusetts. Plaintiff Green filed a Charge of Discrimination against PDX and Dealer Tire with the Massachusetts Commission Against Discrimination ("MCAD") in a timely manner on November 30, 2009 (MCAD No. 09BEM03068; EEOC No. 16C-2010-00363); he secured dismissal of his charges by the MCAD on August 16, 2010, in order to pursue this civil action. Plaintiff Green filed Non-Payment of Wage and Workplace Complaint Form against PDX and Dealer Tire with the Office of the Attorney General of Massachusetts in a timely manner on April 5, 2010; he secured Authorization for Immediate Private Suit against PDX and Dealer Tire

on April 27, 2010, and on May 10, 2010 respectively and against Contractor Management Services on October 29, 2010.

2. Defendant PDX provides delivery services to automotive parts wholesalers throughout the northeast. PDX's corporate headquarters are located at 40 Old Lancaster Road, Suite 505, Merion Station, Pennsylvania 19066, and its mailing address is P.O. Box 329, Essington, Pennsylvania 19029. PDX's Massachusetts employees work out of the regional Dealer Tire warehouse at 20 Freedom Way, Franklin, Massachusetts 02038. PDX is an employer for the purposes of Title VII and M.G.L. c. 149, 151B and 152. Defendant PDX employed Plaintiff Green to deliver automotive parts. PDX Manager Charlie Dooley directly supervised Plaintiff Green.

3. Defendant Dealer Tire is a tire wholesaler that services automotive dealerships throughout the United States. Dealer Tire's corporate headquarters are located at 3711 Chester Avenue, Cleveland, Ohio 44114, and its Massachusetts place of business is at 20 Freedom Way, Franklin, Massachusetts 02038. Dealer Tire employed Plaintiff Green to deliver automotive parts to automotive dealerships primarily in Massachusetts. Dealer Tire Manager Collin Macleod and Dealer Tire Supervisor Ricky Pompei directly supervised Plaintiff Green.

4. Defendant Contractor Management Services ("CMS") is a Nevada limited liability company with company headquarters located at 4 Half Moon Executive Park Drive, Clifton Park, N.Y. 12065. Throughout the United States it supplies form contracts to delivery services companies similar to PDX. The form contracts purport to be independent contractor agreements with the delivery services companies. The

contracts are used as conditions precedent to obtaining employment by the delivery services companies.

## **JURISDICTION AND VENUE**

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343. This Court also has pendent jurisdiction over Plaintiff's state law claims.

6. Jurisdiction is also conferred on this Court by 28 U.S.C. §§1332(a) and 1332(c)(1). All parties are diverse: Plaintiff Green is a citizen of Massachusetts, PDX is deemed a citizen of Pennsylvania, Dealer Tire is deemed a citizen of Ohio and CMS is deemed a citizen of Nevada. The matter in controversy exceeds $75,000.

7. Venue is proper in this district under 28 U.S.C. §1391 because all Defendants have operated in the District of Massachusetts and the causes of action arose in the District of Massachusetts.

## **FACTS**

8. Defendant PDX is in the business of supplying drivers to wholesale automotive parts distributors who service automotive dealerships. Defendant Dealer Tire is one such parts distributor whose primary enterprise is delivering tires to automotive dealerships. Dealer Tire retains numerous drivers. These drivers consist of (1) Dealer Tire and PDX employees who drive Dealer Tire trucks; and (2) PDX employees and PDX "contract" drivers who drive their own vehicles and have signed the CMS form contract. These drivers deliver automotive parts to automotive dealerships.

9. Plaintiff Green first worked for Defendants as a driver from approximately 2005 to 2006, again from on or around February 7, 2007 to on or around January 4, 2008,

and finally from on or around August 10, 2009 to on or around October 21, 2009. PDX issued Plaintiff Green his weekly pay by checks or online deposits throughout this time.

10. PDX and Dealer Tire routinely mischaracterized drivers, Plaintiff Green as well as others similarly situated, as independent contractors and did not make required withholdings from their pay checks or required contributions to social security and other benefits to which these drivers are entitled. Defendants also required these drivers to use their own trucks to deliver tires to Dealer Tire customers in a manner and at prices set by Dealer Tire.

11. PDX, through its Manager Charlie Dooley, controlled and directed Plaintiff Green's work performance. PDX and Dealer Tire supervised the drivers' work. PDX Manager Dooley adjusted various aspects of their work, including the assignment of routes. Dooley ultimately terminated Plaintiff Green's employment.

12. Dealer Tire, primarily through Manager Collin Macleod, assigned work to Plaintiff Green and the other drivers each day, determining job duties and the details of their driving routes. Specifically, Dealer Tire Manager Macleod determined to which automotive dealerships Plaintiff Green would deliver tires, as well as the sequence by which Plaintiff Green would deliver those tires. Plaintiff Green and other drivers were responsible for loading their own trucks with tires before they went on the road to complete their delivery routes. The drivers would systematically report to the warehouse via radio and log the hours that they worked on detailed hourly log sheets. The delivery of the tires by the drivers was subject entirely to the control and discretion of Dealer Tire.

13. In addition to controlling the manner by which the drivers delivered tires, Dealer Tire required them to perform other job responsibilities. Plaintiff Green's

morning responsibilities included unloading tires from tractor-trailers (500-1000 tires per trailer) and storing them on twelve foot high racks in the warehouse. Around 2006-2007, Dealer Tire moved its regional warehouse from Easton to Sharon. Plaintiff Green and the other drivers helped move office equipment, such as desks, computers, and filing cabinets, to the new location. Dealer Tire later moved to its present location in Franklin. At the Franklin location, Dealer Tire had PDX drivers, including Plaintiff Green, come in for extra hours and shift around inventory in the warehouse.

14. PDX and Dealer Tire first terminated Plaintiff Green's employment in January 2008. Dealer Tire Manager Macleod had imposed a new duty on all PDX and Dealer Tire drivers – that they must take turns cleaning the warehouse restrooms. Plaintiff Green refused. PDX and Dealer Tire then terminated Plaintiff Green's employment. Green returned to PDX and Dealer Tire in August 2009, after PDX Manager Dooley assured him that he would not have to clean Dealer Tire bathrooms and further promised Green that he would receive the desirable South Shore and Southwest routes (Rhode Island, Attleboro, and Fall River).

15. PDX and Dealer Tire classified some drivers as employees, and PDX and Dealer Tire assigned these employee drivers responsibilities that were identical to those responsibilities that they had assigned to the supposed independent contractors.

16. During Plaintiff Green's employment at PDX and Dealer Tire, Plaintiff Green worked exclusively for the two companies, on the average, forty-five to sixty hours per week.

17. Defendants did not pay Plaintiff Green overtime, which, upon information and belief, Defendants paid to drivers that they classified as employees. Regardless of

whether Green worked 40 hours or 60 hours in a given week, Defendants paid him the same fixed sum, plus a small, but insufficient amount for fuel expenses.

18. Defendants did not pay Plaintiff Green all of the vacation pay they owed him.

19. Defendants' supervisors treated Plaintiff Green with hostility. They treated white drivers less aggressively and assigned them to more manageable routes. Plaintiff was referred to by his skin color in a demeaning, supposedly comical way. Defendants disciplined Plaintiff for allegedly mistaken tire deliveries in a manner not used for white truck drivers. Defendants gave several false and shifting reasons for his termination on or around October 21, 2009.

20. Plaintiff Green has suffered economic harm in the form of lost back pay and front pay, as well as severe distress in and out of the workplace as a result of his discriminatory termination.

21. Plaintiff Green seeks compensatory and punitive damages to compensate him for the harm he has suffered as a result of the unlawful discrimination, as well as attorney's fees, costs, and other such remedies that this Court deems appropriate.

22. Plaintiff Green states, on behalf of himself and other drivers similarly situated that the "independent contractor" form supplied by CMS that he and other drivers signed, was used as a required condition for employment by delivery services companies. CMS knowingly and willfully supplied the form for that use.

The CMS contract signed by Plaintiff Green and other PDX "contract" drivers contains clauses as follows: (1) A promise by the employee not to claim to be an employee of any delivery services company, in this case, PDX; (2) A provision that

employees will submit invoices for compensation, which will result in payments to CMS as the employees' "collection agent". Actual payments were made directly to the employees by the employer, in this case, PDX. The form contract also provided that any action brought against CMS must be brought in the Nevada district court or in the U.S. District Court for the District of Nevada, and any claims must be submitted to arbitration in Las Vegas, Nevada.

The use of the contract form of CMS was a substantial factor in the deprivation of Plaintiffs' rights as employees of PDX and Dealer Tire. It's use aided and abetted PDX and Dealer Tire to accomplish that deprivation. CMS knowingly and willfully acted in concert with PDX and Dealer Tire in accomplishing that deprivation.

**COUNT I**

**PLAINTIFF GREEN'S CLAIM AGAINST PDX AND DEALER TIRE FOR DISCRIMINATORY HARASSMENT, TERMINATION AND RETALIATION**
**42 U.S.C. §§2000e et seq. (Title VII) and M.G.L. c. 151B, §4**

23. Plaintiff Green repeats and realleges the allegations of the above paragraphs as though fully set forth herein.

24. Plaintiff Green seeks compensatory and punitive damages to compensate him for the harm he has suffered as a result of the unlawful discrimination, as well as attorney's fees, costs, and such other remedies that this Court deems appropriate.

**COUNT II CLASS ACTION**
**AGAINST PDX, DEALER TIRE AND CONTRACTOR MANAGEMENT SERVICES FOR VIOLATION OF MASSACHUSETTS WAGE LAW AND c. 93A**
**(c. 149, §§148, 148B, 150 and c. 93A)**

25. Plaintiff Green repeats and realleges the allegations of the above paragraphs as though fully set forth herein.

26. Plaintiff Green seeks for himself and members of the class defined above treble damages for their loss of benefits to which they were entitled, plus attorney fees and appropriate injunctive relief.

**COUNT III CLASS ACTION**
**AGAINST PDX, DEALER TIRE AND**
**CONTRACTOR MANAGEMENT SERVICES FOR**
**UNFAIR AND DECEPTIVE BUSINESS PRACTICES**
**(M.G.L. c. 93A)**

27. Plaintiff Green repeats and realleges the allegations of the above paragraphs as though fully set forth herein.

28. The Plaintiff seeks compensatory and multiple damages pursuant to the provisions of M.G.L. c. 93A for himself and members of the class described above.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff Green respectfully requests the following relief:

a. Compensatory damages in the form of back pay and front pay, and unpaid overtime;

b. Emotional distress damages in an amount determined by this Court;

c. Punitive damages in an amount determined by this Court;

d. Equitable relief, requiring Defendants PDX and Dealer Tire (1) to cease their discriminatory behavior; (2) to provide quality and effective in-person training to their management and supervisors and to any employees who have or in the future are found to have made discriminatory statements or to have engaged in discriminatory behavior; and (3) such other equitable relief as this Court deems appropriate; and

e. Enter an order certifying the class as requested and appointing class counsel.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
Stanley Green,
By and through his attorneys,

*/s Edward J. Barshak*
Edward J. Barshak (BBO #032040)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114
(617) 227-3030

*/s/ Michael Aleo*
Michael Aleo (BBO #672071)
Lawyers' Committee for Civil Rights
Under Law of the Boston Bar Association
294 Washington Street, Suite 443
Boston, MA 02108
(617) 988-0609

Dated: November 15, 2010

**CERTIFICATE OF SERVICE**

I, Edward J. Barshak, hereby certify that I have served a copy of the within complaint upon each of the Defendants, by First-Class mail, postage prepaid, this fifteenth day of November, 2010.

*/s/ Edward J. Barshak*

#428988